**UNITED STATES DISTRICT COURT**
**IN AND FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| AYLO PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1 – 20, D/B/A WATCHPORN.TO, FYXXR.TO, FYXSTREAM.CC, AND FYXPORN.CO,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aylo Premium Ltd ("Plaintiff" or "Aylo"), by and through its counsel of record, files this Complaint against Defendants John Does 1 – 20, d/b/a watchporn.to, fyxxr.to, fyxstream.cc, and fyxporn.co ("Defendants").

**PRELIMINARY STATEMENT**

1. Plaintiff is among the world's leading premium adult entertainment content providers. Plaintiff owns one of the largest extant libraries of original adult-themed video material. A majority of Plaintiff's content is and was produced in the United States.

2. Plaintiff methodically registers its video content with the United States Copyright Office, resulting in over 42,000 valid registrations (the "Works"). The Works at issue in this action



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

were registered with the United States Copyright Office prior to the commencement of the infringement alleged herein, or within three months of their first publication.

3. By this lawsuit, Plaintiff seeks to protect over one thousand of its registered, copyrighted audiovisual Works from blatant infringement by Defendants.

4. In August 2023, Plaintiff's predecessor, MG Premium Ltd, rebranded and changed its name to Aylo Premium Ltd. The name change from MG Premium Ltd to Aylo Premium Ltd did not result in any transfer, assignment, or disruption of any rights or ownership of the Works.

5. Plaintiff monetizes its Works by operating premium subscription-based websites that provide members with exclusive access to high quality adult entertainment content, including unlimited viewing of its extensive library of professionally produced audiovisual Works.

6. The conduct that gives rise to this lawsuit is egregious and willful. Defendants own and operate websites located at the domain names watchporn.to, fyxxr.to, fyxstream.cc, and fyxporn.co (together, "Fyx"). Defendants use Fyx to distribute infringing copies of audiovisual and image works, including Plaintiff's Works.

7. Defendants are directly and knowingly involved in the trafficking of tens of thousands of pirated works—including 1,158 registered works owned by Plaintiff—on 1,170 individual web pages.

8. None of the infringing works posted on Fyx are "user-generated content" or "third-party" uploads. That is, the Fyx websites are not user-generated content ("UGC") websites. There is no user upload capability; all content is uploaded and published solely by Defendants.

9. Defendants are not entitled to the safe harbor protections afforded under Section 512 of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. Defendants operate the Fyx as a curated infringement platform rather than a passive hosting service and fail to comply with the statutory requirements necessary to invoke safe harbor protection, including adherence to proper DMCA takedown procedures. Instead, Defendants systematically refuse to act on valid and compliant takedown notices.



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

10. Defendants are not "service providers," are not engaged in the storage of content at the direction of users, and thus are not entitled to any of the safe harbors afforded under Section 512 of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 512). Defendants do not even attempt to comply with the takedown obligations under the DMCA that would afford them safe harbor. Instead, they systematically refuse to comply with proper and compliant DMCA takedown notices.

11. Further, on information and belief, Defendants have failed to designate and register a DMCA agent with the United States Copyright Office as required by 17 U.S.C. § 512(c)(2), independently disqualifying them from safe harbor protection.

12. Defendants' actions are causing serious harm to Plaintiff and its business and must be stopped immediately. Because Defendants will not desist voluntarily, Plaintiff now comes before this Court to seek injunctive relief and damages.

## JURISDICTION AND VENUE

13. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

14. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement under 28 U.S.C. §§ 1331 and 1338.

15. Defendants John Does 1 – 20, d/b/a watchporn.to, fyxxr.to, fyxstream.cc, and fyxporn.co ("Defendants") are individuals or entities that own and operate websites located at the uniform resource locators ("URLs") watchporn.to, fyxxr.to, fyxstream.cc, and fyxporn.co.

16. Defendants own and operate the Fyx websites.

17. Defendants act in concert with each other in the operation of Fyx. Defendants operate Fyx for purposes of the copyright infringement allegations alleged here.

18. Defendants knowingly and purposefully market to and target the entire United States, including residents of this District, through Fyx.



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

19. Defendants entered into agreements with United States-based service providers for the purpose of operating Fyx.

20. ***U.S.-Based Domain Name Registrar.*** Defendants entered into agreements with United States-based registrars to register and maintain the domains. To register a domain, users provide necessary customer information such as name, billing address, email, payment details, and DNS information.

21. Fyxstream.cc's registrar is Internet Domain Service BS Corp. Internet Domain Service. BS Corp. purports to be based in the Bahamas and collects payments using California based CentralNic USA Ltd, located at 21700 Oxnard Street, Suite 1030 in Woodland Hills, California.

22. ***U.S.-Based Advertising Network.*** The Fyx websites use AdBison LLC to deliver advertising. AdBison is a company located in Las Vegas, Nevada. *See* Exhibit A, a true and correct copy of a printout of the code for the page watchporn.to/search/brazzers, at page 1, line 19.

23. ***U.S.-Based Content Delivery Network.*** Defendants use a domain name server (DNS) and content delivery network (CDNs) located in California owned by Cloudflare, Inc. The use of CDNs in the United States is crucial to delivering or streaming videos with the speed and efficiency expected by U.S.-based consumers.

24. ***U.S.-Based Tracking Analytics.*** Fyx websites use Cloudflare Insights, a website performance and analytics service provided by Cloudflare, Inc., a Delaware corporation headquartered in San Francisco, California. Cloudflare Insights enables website operators to collect analytics regarding website traffic, page performance, visitor activity, and related operational metrics through Cloudflare's network. The source code for fyxporn.co includes Cloudflare Insights' JavaScript beacon, demonstrating Defendants' use of Cloudflare's California-based analytics services in connection with the operation of Fyx. *See* Exhibit A at page 7, line 531.

25. Use of Cloudflare, Inc.'s services require a website operator to use Cloudflare's online services and agree to Cloudflare's applicable terms. Cloudflare's website and Online Services Terms identify Cloudflare, Inc. as located in San Francisco, California, and provide that the terms are



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

governed by California law and that users submit to the personal and exclusive jurisdiction of the state and federal courts located within San Francisco County, California. Defendants' use of Cloudflare Insights therefore further demonstrates their purposeful use of California-based web infrastructure in operating Fyx. *See* Cloudflare Website and Online Services Terms of Use § 12. [1]

26. ***Google Tag Manager.*** Fyx websites use Google Tag Manager, an analytics and website management service provided by Google LLC, a Delaware corporation headquartered in California. Google Tag Manager allows website operators to deploy tracking and analytics tools through a registered Google account associated with a unique tag identifier. For example, the website watchporn.to deploys Google Tag Manager identifier G-W2SX4T60CN, the website fyxxr.to deploys Google Tag Manager identifiers G-43CSLR0Q65 and G-YJQ35FL3NS, and the website fyxporn.co deploys Google Tag Manager identifier G-4D0HK4CJGB. *See* Exhibit A at page 1, line 8; page 2 at lines 11 and 22; and page 3 at line 10.

27. Use of Google Tag Manager requires the operator to register with Google and agree to Google's Terms of Service, which provide that disputes are resolved exclusively in the federal or state courts located in Santa Clara County, California, and that the user consents to personal jurisdiction in those courts.

28. ***Use of Meta Verified.*** The website code shows that Fyx websites are Meta Verified. Meta is a California based company that is the parent company of California-based Facebook, Instagram, and WhatsApp. Meta describes the services as follows: "Meta Verified for businesses is a paid subscription service available on Instagram, Facebook, and WhatsApp that helps businesses build credibility with new audiences and protect their brand identity. The subscription provides verification badges, enhanced customer support, impersonation protection, and other tools designed

[1] *See* https://www.cloudflare.com/website-terms/ (last visited July 30, 2026).



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

specifically for business needs."[2] *See* Exhibit B, a true and correct copy of a printout of the code for a page on fyxstream.cc, at lines 9–10.

29. By registering for and using Meta Verified, Google Tag Manager, Cloudflare Services, Cloudflare Insights, and AdBison LLC in connection with the operation of Fyx websites, Defendants entered into contractual relationships with United States companies and purposefully availed themselves of U.S. jurisdiction.

30. Based on website analytics published by Similarweb, an industry-recognized website analytics provider, for the twelve-month period from July 2025 through June 2026, the Fyx network received approximately 124.3 million total visits, averaging approximately 10.35 million visits per month worldwide. During that period, approximately 14.16% of the network's traffic originated from the United States.[3]

31. Based on Similarweb analytics for June 2026, the website watchporn.to received approximately 8.66 million visits worldwide, of which approximately 15.77% originated from the United States. During the same period, social media traffic to the website was driven predominantly by United States-based companies, including California-based YouTube (74.77%), Reddit (15.85%), California-based Instagram (2.82%), Texas-based X (formerly Twitter) (2.32%), and California-based Facebook (1.50%).[4]

32. Defendants' use of United States vendors, and other key services illustrates that Defendants are expressly aiming their website and business at the United States market.

33. On information and belief, Defendants transact business in this judicial district through their interactive websites and through their interaction with the United States and Washington

---

[2] See https://business.facebook.com/business/help/1980422732333373?id=579726174359330 (last visited July 31, 2026).

[3] Attached as Exhibit H are the Fyx SimilarWeb Report.

[4] Attached as Exhibit I is the June 2026 SimilarWeb Report for Watchporn.to.



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

residents who have been offered the infringing content on Fyx and who have, themselves, engaged in acts of infringement in this District and State. The Court has personal jurisdiction over Defendants, who have engaged in business activities in and directed to this District and have committed tortious acts within this District or directed at this District. Defendants are subject to service of process under the state Long-Arm Statute and Fed. R. Civ. P. 4(e).

34. Any alien defendant is also subject to jurisdiction in any district. *See* 28 U.S.C. 1391 ("An alien may be sued in any district."); *see also* Fed. R. Civ. P. 4(k)(2).

35. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district and/or because Defendants are subject to the court's personal jurisdiction with respect to this action.

## PARTIES

36. Aylo Premium Ltd has at all relevant times been a private limited liability company organized under the laws of the Republic of Cyprus with its head office at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus 2540. Aylo owns the copyrights associated with many well-known trademark-protected brands of adult content, including "Reality Kings," "Brazzers," "MOFOS," among others.

37. Plaintiff owns one of the largest portfolios of premium adult-oriented audiovisual content in the world. Plaintiff routinely registers copyrights in its content with the United States Copyright Office.

38. Plaintiff owns over 42,000 registered copyrights to legal adult videos.[5]

---

[5] To comprehend the size of Plaintiff's registered library of over 42,000 films, "over its 50-year history, the MPAA has rated a total of 29,791 films." *See* https://www.motionpictures.org/press/mpaa-celebrates-50-years-of-film-ratings (2018).



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

39. Attached as Exhibit C is a schedule of the copyright registrations for Plaintiff's works at issue in this lawsuit (the "Plaintiff's Works").[6]

40. Plaintiff licenses its videos for valuable consideration, including for display on subscription-based websites. Plaintiff has never authorized or given consent to Defendants to use its Works on Defendants' websites.

41. Defendants own and operate the Fyx websites located at watchporn.to, fyxxr.to, fyxstream.cc, and fyxporn.co.

42. Tonic Domains Corp. (Tonic), an ICANN Accredited Registrar, based in Tiburon, California, is the registrar for ".TO" domains, including watchporn.to and fyxxr.to. To register a .TO domain and use Tonic's services, users must follow Tonic's process to enter into an agreement. This includes selecting an available .TO domain name and provide necessary customer information such as name, billing address, email, payment details, and DNS information. Defendants therefore have a direct contractual relationship with Tonic Domains Corp.

43. Fyxporn.co is a domain registered through TLD Registrar Solutions, a UK based company.

44. Fyxstream.cc is a domain registered through Internet Domain Service BS Corp. Based on information and belief Internet.bs is a Bahamas registered company. Internet Domain Service BS Corp has a contact phone number in the 516-area code. 516 is an area code assigned to the Long Island area of New York State. Based on information and belief, Internet Domain Service BS Corp operates in the United States.

45. Fyx websites are available in the United States.

46. Defendants operate Fyx with the intention of broadcasting, distributing, or making available content in the United States and earning money from the United States market.

[6] Attached as Exhibit G are ten examples of the 1,158 copyright registrations for Plaintiff's Works pertinent to this case.



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

47. Defendants are the owners, operators, shareholders, executives, and/or affiliates of Fyx. Plaintiff is unaware of the true names or capacities of the Doe Defendants. Plaintiff is informed and believes, and on that basis alleges, that the Defendants either (a) directly performed the acts alleged here, (b) were acting as the agent, principal, alter ego, employee, or representative of the owners and operators of Fyx, and/or (c) otherwise participated in the acts alleged here with the owners and operators of Fyx. Accordingly, the Defendants are liable for all the acts alleged here because they were the cause in fact and proximate cause of all injuries suffered by Plaintiff as alleged here. Plaintiff will amend the complaint to state the true names of the Doe Defendants when their identities are discovered.

## STATEMENT OF FACTS

48. The Fyx websites display pirated copyrighted adult entertainment content without authorization or license.

49. On information and belief, all of the video and image content on Fyx domains are placed onto Fyx by the owners and/or operators of the domains. That is, the visitors cannot directly upload and allow the display of any content to Fyx without Defendants' review and approval.

50. Defendants monetize their copyright infringement on Fyx through advertising banners visible on the site.

51. In addition to displaying static banner advertisements, Fyx shows visitors pop-up advertisements.

52. Besides monetizing infringement through advertising, Fyx also solicit users to sign up for paid subscriptions on the domains watchporn.to and fyxxr.to.

53. On Fyx, Plaintiff's Works are easily searchable by brand name. Entering a brand name sends visitors to comprehensive pages that display the Plaintiff's Works, optimized for search engines with relevant keywords such as brand names, actors' names, and other descriptive details.

54. Defendants monetize the Fyx websites by directing users to paid subscription services. On both watchporn.to and fyxxr.to, Defendants place subscription upsell links immediately above



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

and below each infringing video. The banner above the video states, "WatchPorn users only – Full Premium access $0.99 today." The button below the video invites users to "Watch Full Video Here." *See* Exhibit D, a true and correct copy of a web page on watchporn.to with explicit images redacted, at page 1.

55. Both links redirect users to faphouse4k.com ("Faphouse"), where users are solicited to purchase subscriptions to obtain full streaming and download access to adult content. At the time of Plaintiff's investigation, Faphouse offered subscription plans ranging from $4.79 per month to $399.99 for an Ultra Membership Lifetime Pass. *See* Exhibit D at Page 2.

56. Some of the Fyx websites, including fyxstream.cc, have links to share videos through the popular social media networks Reddit.com, X.com (formerly Twitter), Google Blog, VK.com, and email. *See* Exhibit E, a true and correct copy of a web page on fyxstream.cc with explicit images redacted.

57. Several of the Fyx websites, including fyxxr.to and fyxporn.co, have a sharing feature that allows users to link directly to the videos on the websites, and a BBCode and Embed Code that allows anyone to show the videos on their own websites. *See* Exhibit F, a true and correct copy of a web page on fyxxr.to with explicit images redacted.

58. Each of the Fyx websites places a branded watermark listing the respective URL on the video so that Defendants benefit from any sharing and advertising.

59. Fyx does not meet the requirements for the safe harbor provisions of the DMCA. Specifically, Defendants do not honor take-down notices.[7]

60. On information and belief, one or more Defendants upload infringing materials onto Fyx websites, and the Defendants are collectively the sole source of infringing content on Fyx; no content originates from visitors to the Fyx websites.

---

[7] Plaintiff has sent 7,341 DMCA-compliant takedown notifications to Defendants using the contact email addresses provided by Defendants in an effort to remove Plaintiff's copyrighted works from 1,740 infringing URLs. A majority of the URLs displaying Plaintiff's copyrighted works were reported at least four times, and as many as eight times. Defendants ignored every notice, and as of the date of this Complaint, the infringing content remains publicly available.



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

61. Plaintiff's agents routinely police websites to identify infringement of Plaintiff's Works. Those investigations revealed that over one thousand of Plaintiff's Works are available on Fyx. Defendants have no license or authorization from Plaintiff to copy or display Plaintiff's Works.

62. As of July 6, 2026, Plaintiff has identified that Fyx websites displayed at least 1,158 of Plaintiff's Works at 1,170 URLs. Exhibit C to this complaint identifies the copyright registrations for each of Plaintiff's Works and the URLs where Defendants displayed them. Defendants have no authority or license to display or distribute any portion of Plaintiff's Works on Fyx websites.

63. Each of these 1,170 URLs on Defendants' websites display one or more of Plaintiff's Works.

64. Plaintiff has demanded that Defendants remove Plaintiff's Works from Fyx by sending a series of takedown notices in accordance with the takedown provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512(c). Plaintiff (as Aylo Premium Ltd or MG Premium Ltd) submitted DMCA-compliant takedown notices seeking to remove over 1,170 links to its Works from Fyx. As of the filing of this complaint, Plaintiff or its agents sent DMCA-compliant takedown notices identifying every URL listed in Exhibit C to the email addresses Defendants provided on Fyx websites for takedown communications, yet as of the date of this filing, 100% of the reported URLs remained active.

65. Further, Plaintiff (as Aylo Premium Ltd or as MG Premium Ltd) sent DMCA-compliant Takedown Notices under 17 U.S.C. § 512(c) to Google, LLC in an attempt to have links to its Works being infringed on Fyx websites removed from Google.com search results. Plaintiff frequently sends requests to Google, LLC to remove indexed links to infringing uses of its works on Google.com.[8]

---

[8] Aylo Premium Ltd, formerly MG Premium Ltd, has filed 1,156,880,322 requests to remove links to infringing uses of its content from Google.com, making it the world's third top copyright owner to request removals. Penguin Random House LLC is in first position with 1,687,828,794 requests, and HarperCollins Publishers LLC follows in second with 1,195,675,296 requests. *See* https://transparencyreport.google.com/copyright/overview?browse_copyright=ce:owner;size:6&lu=browse_copyright&hl=en (last visited on July 6, 2026).



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

66. None of the DMCA takedown notices Plaintiff's sent to the Defendants were returned as undeliverable.

67. Defendants did not remove any content identified in the takedown notices or respond to any of Plaintiff's DMCA takedown notices. On information and belief, Defendants have actual knowledge and notice of their infringement of Plaintiff's Works. Defendants' infringement is unmistakable even to a casual observer. Defendants' use of Plaintiff's brand names to index infringing material to facilitate searching underscores that Defendants know they are using Plaintiff's Works.

68. Through the conduct alleged here, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiff's Works.

69. Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiff of the lawful monetary rewards that accompany its rights in the Works. Defendants' disregard for copyright laws threatens Plaintiff's business.

70. Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on Fyx websites.

71. Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' websites onto copyright holders, without sufficient means to prevent continued and unabated infringement.

## FIRST CAUSE OF ACTION

## Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*

## Against All Defendants

72. Plaintiff re-alleges the allegations set forth in the preceding paragraphs.

73. Plaintiff owns the copyright in each of the Plaintiff's Works.



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

74. Plaintiff has valid registrations with the United States Copyright Office for each of the Plaintiff's Works, which were registered within three months of their first publication.

75. Defendants have infringed, and are continuing to infringe Plaintiff's copyrights by uploading, reproducing, adapting, distributing, publicly performing, and/or publicly displaying and authorizing others to reproduce, adapt, distribute, publicly perform, and/or publicly display copyrighted portions and elements of the Plaintiff's Works, and/or the Plaintiff's Works in their entireties, without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

76. Defendants did not have authority or license to copy or display any of the Plaintiff's Works.

77. Plaintiff has never authorized or given consent to Defendants to use any of the Plaintiff's Works in the manner displayed and exploited by Defendants.

78. Defendants knew or should have known they did not have permission to exploit the Plaintiff's Works on Fyx websites and further knew or should have known their acts constituted copyright infringement.

79. The quantity and quality of videos available to users on Fyx websites increased its attractiveness to Defendants' customers, increased its user base, and increased its advertising sales revenue.

80. On information and belief, Defendants actively uploaded pirated copyrighted files, enabling users of Fyx to view copyrighted videos and images for free.

81. Defendants controlled pirated files of Plaintiff's Works and decided which files to display on the Fyx websites.

82. On information and belief, Defendants were aware of or were willfully blind to the fact that pirated copyrighted materials comprised the most popular videos on the Fyx websites.

83. Defendants, through the Fyx websites, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

84. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

85. Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Plaintiff's Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

**SECOND CAUSE OF ACTION**

**Contributory Copyright Infringement**

**Against All Defendants**

86. Plaintiff re-alleges the allegations in the preceding paragraphs.

87. Unknown individuals, without authorization, reproduced and distributed Plaintiff's Works through Defendants' websites, directly infringing Plaintiff's Works.

88. Defendants contributed to the infringing acts of those individuals.

89. Defendants were aware, should have been aware, or were willfully blind to the infringing activity.

90. Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's Works through Fyx without regard to copyright ownership.

91. Defendants had the ability and obligation to control and stop the infringements and failed to do so.

92. On information and belief, Defendants materially contributed to or induced the infringement.



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

93. Defendants have knowingly induced, caused, and/or materially contributed to the unauthorized reproduction, adaptation, public display, and/or distribution of copies of Plaintiff's Works, and thus to the direct infringement of Plaintiff's Works.

94. On information and belief, Defendants, as the owner and/or operators of Fyx, received direct financial benefits from the infringements of the Plaintiff's Works on Fyx.

95. Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in Plaintiff's Works in violation of the Copyright Act.

96. Defendants' acts of infringement were willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

97. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

98. Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Plaintiff's Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## THIRD CAUSE OF ACTION

## Vicarious Copyright Infringement

## Against All Defendants

99. Plaintiff re-alleges the allegations in the preceding paragraphs.

100. Unknown individuals, without authorization, reproduced and distributed Plaintiff's Works through Defendants' websites, directly infringing Plaintiff's Works.



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

101. Defendants had a right and ability to supervise or control that infringing conduct and failed to do so.

102. Defendants directly benefitted financially from the infringing activity.

103. The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

104. The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

105. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

106. Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Plaintiff's Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## FOURTH CAUSE OF ACTION

### Inducement of Copyright Infringement

**Against All Defendants**

107. Plaintiff re-alleges the allegations in the preceding paragraphs.

108. Defendants have induced copyright infringement. Defendants designed and/or distributed technology, devices, or products used in infringement on the Fyx websites.

109. Defendants intentionally designed, deployed, and maintain the Fyx websites and related infrastructure for the purpose of encouraging and facilitating widespread copyright



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

infringement of Plaintiff's Works. This includes the use of search indexing, advertising systems, and embedded content features specifically aimed at promoting access to pirated material.

110. On information and belief, Defendants directly induced individuals to access, download, and redistribute infringing copies of Plaintiff's Works. Defendants accomplished this by promoting, recommending, and making available infringing content on Fyx websites.

111. As a direct and proximate result of Defendants' actions, individuals reproduced, distributed, and publicly displayed Plaintiff's Works without authorization. These acts of infringement occurred through and because of Defendants' inducement.

112. Defendants' conduct constitutes inducement of copyright infringement under established law. Defendants knowingly took affirmative steps to foster infringement, and their actions were undertaken with the object of promoting infringement for commercial gain.

113. Defendants' actions constitute inducing copyright infringement of Plaintiff's copyrights and exclusive rights under copyright in Plaintiff's Works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

114. The infringement of Plaintiff's rights in and to each of Plaintiff's Works constituted a separate and distinct infringement.

115. The acts of infringement by Defendants have been willful, intentional, purposeful, and in reckless disregard of and with indifference to Plaintiff's rights.

116. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

117. Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

the Plaintiff's Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Aylo Premium Ltd prays that this Court enter judgment in its favor against Defendants on every claim for relief set forth above and award Aylo Premium Ltd relief including, but not limited to:

1. **Entry of Judgment.** A judgment declaring that Defendants have willfully infringed Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*
2. **Permanent Injunction.** A permanent injunction enjoining Defendants and their officers, agents, servants, employees, and all persons acting in active concert or participation with them under Federal Rule of Civil Procedure 65(d)(2)(C) who receive actual notice of the order, including domain name registrars, registries, hosting providers, and advertising partners, from:
    a. hosting, linking to, reproducing, distributing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting Plaintiff's Works, or any portion thereof, without authorization;
    b. operating, maintaining, promoting, hosting, or providing access to the websites comprising Fyx: watchporn.to, fyxxr.to, fyxstream.cc, and fyxporn.co;
    c. using, operating, maintaining, promoting, supporting, or providing any server, website, domain name, software, email account, social media account, advertising account, bank account, payment processing system, or other online or financial infrastructure in connection with the infringement of Plaintiff's Works;



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

   d. enabling, facilitating, soliciting, encouraging, or inducing, directly or indirectly, any user or third party to access, locate, or visit any website or online location that infringes Plaintiff's Works; and
   e. assisting, aiding, or abetting any person or entity in engaging in the foregoing conduct.

3. **Disabling Fyx.** An order directing registrars, registries, hosting providers, and other service providers receiving actual notice of the order to take reasonable technical measures necessary to disable access to Fyx domains, associated subdomains, URLs, and supporting infrastructure used to facilitate infringement, including disabling DNS resolution, redirecting domain name traffic, or implementing other reasonable technical measures necessary to disable or prevent public access to the Fyx domains and associated infrastructure;
4. **Domain Name Relief.** An order directing any domain name registrars associated with Fyx domain names, any successor registrar, and any registries or registrars with custody or control of the domain names watchporn.to, fyxxr.to, fyxstream.cc, and fyxporn.co, upon receipt of notice of the order, to:
   a. immediately lock the subject domain names;
   b. transfer ownership and control of the subject domain names to Plaintiff or to a registrar designated by Plaintiff; and
   c. desist from transferring, modifying, concealing, or attempting to transfer registration or control of the subject domain names to any other registrant or registrar other than as directed by this Court.
5. **Registry-Level Relief.** An order directing any applicable top-level domain registry operators or administrators, including without limitation Tonic, Inc. and TLD Registrar Solutions to take all reasonable steps necessary to effectuate suspension, transfer, redirection, or other technical enforcement measures consistent with the order.



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

6. **Anti-Circumvention Relief.** An order prohibiting Defendants from registering, transferring, or using any additional domain names, websites, or online locations for the purpose of continuing or resuming the infringing conduct described in this Complaint.
7. **Successor and Mirror Websites.** The injunction shall apply to any successor websites, mirror websites, replacement domains, or substantially similar online locations operated by Defendants, or by persons acting in concert with them, that are used to continue the infringing conduct described in this complaint.
8. **Expansion Authority.** An order permitting Plaintiff to seek application of the injunction to additional domain names or websites upon a showing that such domains are operated by Defendants or persons acting in concert with them.
9. **Compliance Report.** An order requiring Defendants, within thirty (30) days of entry of any injunction, to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with the order.
10. **Statutory and Actual Damages.** An award of statutory damages under 17 U.S.C. § 504(c), or, at Plaintiff's election, Plaintiff's actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b), in an amount to be determined at trial or upon default.
11. **Accounting for Profits.** That Defendants be ordered to account to Plaintiff for all profits, gains, and advantages that they have realized through their unauthorized use of Plaintiff's Works.
12. **Costs and Attorneys' Fees.** An award of Plaintiff's full costs, reasonable attorneys' fees under 17 U.S.C. § 505, and enhanced statutory damages for willful infringement as permitted under 17 U.S.C. § 504(c).
13. **Further Relief.** That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.



**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: August 22, 2026

**FREEMAN LAW FIRM, INC.**

By */s/ Spencer D. Freeman*

Spencer D. Freeman, WSBA No. 25069
935 Fawcett Avenue South
Tacoma, Washington 98402
253-383-4500
253-383-4510 (fax)
sfreeman@freemanlawfirm.org

**ETHAN JACOBS LAW CORPORATION**

By */s/ Ethan Jacobs*

Ethan Jacobs (*pro hac vice forthcoming*)
100 Pine Street, Suite 1250
San Francisco, California 94111
415-275-0845
ethan@ejacobslaw.com

*Counsel for Plaintiff Aylo Premium Ltd*